

# OFFICE OF
# THE ATTORNEY GENERAL
### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 12, 1947

Hon. George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-180

Re: Proper procedure to be
followed in making a
supplemental assess-
ment on any land for
years prior to the time
such land passes into
the ownership of a per-
son who is a bona fide
purchaser for value with-
out notice of such fact.

Dear Sir:

You request the opinion of this Department upon the
question presented to you by Honorable James C. Martin, County
Attorney of Nueces County, in his letter of March 18, 1947. We
quote below Mr. Martin's letter covering the factual basis upon
which our opinion is requested. This letter follows:

"Mr. Dub Allen has referred to me your letter
dated March 12, 1947, concerning the right of the
Tax Collector to assess and collect taxes on land
for years prior to the time at which the present
owner acquired title to such land. (There has been
a sale of the land in question to a bona fide pur-
chaser for value without notice of the fact that the
land had not been assessed for prior years.) The
discovery was made recently that the land had not
been assessed and was not on the tax rolls. The
property owner is willing to pay for the years dur-
ing which he has owned the land but refuses to pay
taxes for those years prior to the time he purchased
the land, not then having any notice of the fact that
there had been no taxes theretofore paid on such
land.

"The basis of his contention is the last sen-
tence of Article 7346, which reads as follows:

"'No re-assessment of any property shall be
held against any innocent purchaser of the same if
the tax records of any county fail to show any as-
sessment (for any year so re-assessed) by which

said property can be identified and that the taxes
are unpaid.'

"If this article is given effect how can we make
a supplemental assessment on any land for years
prior to the time at which such land passes into the
ownership of a person who is a bona fide purchaser
for value without notice of such fact?"

The above quoted sentence from Article 7346, V.C.S.,
must be read together with Article 7347, V.C.S., in arriving at an
answer to your question. The pertinent portion of Article 7347 is
as follows:

". . . provided, that the certificate of any tax
collector given during his term of office that all
taxes have been paid to the date of such certificate
on any certain piece of property, which is fully de-
scribed in such certificate, or if the tax rolls of
any county fail to show any assessments against
such property sufficient to identify it, and that the
same was unpaid at the dates such rolls may have
been examined to ascertain the condition of any
property as to taxes unpaid, this shall be a bar to
any re-assessment of such property under this law
for any years prior to the date of such certificate,
or such examination; provided, that the property re-
ferred to, when re-assessed, shall be held by an in-
nocent purchaser, who has relied upon the correct-
ness of such certificate, or the tax rolls heretofore
referred to."

Careful reading of the full text of the above Articles re-
veals that they were passed in a single bill (Chapter 130, 29th Leg-
islature) to provide a method for two things, as follows:

1. Assessment and collection of taxes on real
property omitted from the tax rolls.
2. Re-assessing and collecting the tax on real
properties on which former assessments are in-
valid.

Careful reading of the above quoted provisions relating
to innocent purchasers reveals that they do not relate to property
omitted from the rolls, but relate solely to property on which as-
sessment was attempted and which is being re-assessed because
the original assessment was invalid.

If the property was omitted from the rolls and never as-
sessed, naturally a search of the records would reveal no payments

and no facts that could lead a Tax Assessor-Collector or pur-
chaser to believe payments had been made. The search itself
would put a purchaser on notice that the property had been omit-
ted from the rolls and that the taxes had not been paid. An As-
sessor-Collector's certificate to the contrary would not bind the
State against the true facts. Obviously, it was for these reasons
that the Legislature gave no "innocent purchaser" protection in
the case of property entirely omitted from the tax rolls.

In the case of re-assessment of property once on the
rolls (but under invalid assessment) the Assessor-Collector or
the purchaser may have been misled and caused to believe from
the existing invalid assessment that no unpaid assessment was
outstanding. It is in this case that "innocent purchaser" protec-
tion is afforded. Even in such case, a person cannot be an inno-
cent purchaser and thereby prevent re-assessment unless the
facts show that on or before the date of purchase he had a proper
tax certificate showing payment, or (1) that upon examination by
himself or his agent or legal representative the tax rolls of the
county failed to show any assessment against such property suf-
ficient to identify it; and (2) the tax rolls failed to show that the
taxes were unpaid at the date such rolls were examined to as-
certain the condition of any property as to unpaid taxes. It must
further appear that one claiming to be an innocent purchaser re-
lied upon the correctness of the tax roll which failed to show as-
sessments against such property sufficient to identify it, and which
failed to show that the taxes were unpaid at the date such rolls
were examined.

Except in this limited scope one cannot be an innocent
purchaser as to ad valorem taxes accruing prior to the purchase.
Whether or not such a purchaser is entitled to rely upon this stat-
utory provision involves, in any event, factual determinations; and
unless he is able to show all of the factual conditions prescribed
by the statute, he cannot be an innocent purchaser.

The Commissioners' Court may proceed with re-assess-
ment of such property in accordance with the statutes relating there-
to until such time as it finds from the facts that before purchase of
the property the purchaser examined (or had examined) the tax rolls
and that such rolls failed to show unpaid assessments against the
property sufficient to identify it and that he innocently relied upon
the correctness of such tax rolls as to no unpaid taxes being due.

In no event are you prohibited from making a supple-
mental assessment roll on property entirely omitted from the rolls.

## SUMMARY

Articles 7346 and 7347, V.C.S., providing for as-
sessment of property omitted from the rolls and re-
assessment of property invalidly assessed, gives

"innocent purchaser" protection under certain conditions in cases of re-assessment but not in cases of supplemental assessment of property entirely omitted from the tax rolls. In cases of re-assessments, all fact conditions must be shown to exist before Commissioners' Court is justified in not re-assessing the property.

Yours very truly,

Price Daniel
Attorney General of Texas

L. P. Lollar
Assistant

PD
LPL/lh/sl